IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| LYNN FREEMAN, on behalf of herself and all others similarly situated, | Civil Action No. |
| Plaintiff, | _____ cv _____ |
| v. | |
| PROGRESSIVE DIRECT INSURANCE COMPANY | |
| Defendant. | |

# NOTICE OF REMOVAL

Defendant Progressive Direct Insurance Company ("Progressive Direct") removes this purported class action from the Court of Common Pleas for the Second Judicial Circuit in Aiken County, South Carolina, to the United States District Court for the District of South Carolina, Aiken Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, on the basis of the following facts, which show that this case may properly be removed to this Court:

1.  Plaintiff Lynn Freeman ("Plaintiff") filed this case on October 15, 2021, in the Court of Common Pleas for the Second Judicial Circuit in Aiken County, South Carolina, Case No. 2021-CP-0202189. *See* State Court Filings, Ex. A. Pursuant to South Carolina Code § 38-5-70, Plaintiff served a copy of the Complaint on the South Carolina Department of Insurance on October 20, 2021. Ex. A at 25-30 (Affidavit of Service and Letter from S.C. Dep't of Insurance).[1]

---

[1] On information and belief, the Department of Insurance forwarded a copy of the Complaint to CSC, rather than Progressive Direct's registered agent, CT Corporation System. *See* Ex. C (Letter from CSC rejecting service). Though Progressive Direct has not yet received the Complaint from

1

2.     In the Complaint, Plaintiff alleges that Progressive Direct issued her automobile insurance policy, that she was in an automobile accident on or about May 19, 2021, and that Progressive Direct determined that her vehicle was a total loss. Compl. ¶ 9. Plaintiff alleges that Progressive Direct improperly valued her total loss claim because it used a valuation system provided by Mitchell International, Inc. ("Mitchell") that applies a Projected Sold Adjustment ("PSA") to determine the value of her total loss vehicle. *Id.* ¶¶ 15-21. The PSA adjusts an unsold vehicle's sticker price to account for typical negotiation differences between list and sale prices, a practice Plaintiff contends does not reflect market realities and results in under-payment of claims. *Id.* ¶¶ 21-22.

3.     Plaintiff filed this action on behalf of herself and a putative class of "[a]ll persons insured by a contract of automobile insurance issued by Progressive Direct to a South Carolina resident, and who, from the earliest allowable time through the date of resolution of this action, received a first-party total loss valuation and payment that included a downward adjustment premised on a 'Projected Sold Adjustment' or similar adjustment" (the "Class").[2] *Id.* ¶ 27.

4.     Based on these allegations, Plaintiff asserts that Progressive Direct breached its insurance contracts with the putative Class members by applying a PSA in determining the actual cash value of their total-loss vehicles (Count I). *Id.* ¶ 36. Plaintiff also seeks a declaration that Progressive Direct breaches its insurance contracts when it applies a PSA to total-loss vehicles (Count II). *Id.* ¶ 41.

---

the Department of Insurance, out of an abundance of caution, Progressive Direct files this notice of removal within 30 days of the date of service on the Department of Insurance.

[2] Plaintiff does not define the "earliest allowable time," but Progressive Direct construes it to mean the period allowed under the South Carolina statute of limitations applicable to Plaintiff's claims. The statute of limitations for Plaintiff's sole Class claim for breach of contract is three years, S.C. Code Ann. 15-3-530(1), so the putative Class period begins on October 15, 2018, *i.e.* three years prior to the filing of this lawsuit on October 15, 2021.

2

5.     The Complaint seeks damages on behalf of the purported class members in the form of (i) compensatory damages in the dollar amount of the undervaluation of Class members' vehicles purportedly caused by the application of PSAs by the Mitchell valuation system, (ii) pre-judgment and post-judgment interest, (iii) attorneys' fees, (iv) and any other relief the Court may deem appropriate. *Id*. ¶ 44.

6.     Based on the allegations of the Complaint, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Progressive Direct has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

**I.     PROGRESSIVE DIRECT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

7.     Pursuant to South Carolina Code § 38-5-70, Plaintiff served a copy of the Complaint on the South Carolina Department of Insurance on October 20, 2021. Ex. A at 25-30 (Affidavit of Service and Letter from S.C. Dep't of Insurance). The Department of Insurance has not yet forwarded a copy of the Complaint to Progressive Direct's registered agent. *See infra* note 1. The time for Progressive Direct to answer, move, or otherwise plead with respect to the Complaint has not yet expired. *See* S.C. R. Civ. P. 12(a).[3]

8.     This Notice of Removal is timely, in accordance with 28 U.S.C. § 1441(b), as it is filed within 30 days after Progressive Direct received a copy of "the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipestring, Inc.*, 56 U.S. 344, 347-48 (1999) (holding that the time to remove begins to run at service).

---

[3] Prior to removal, counsel for Plaintiff agreed that Progressive Direct may have through and including December 20, 2021 to respond to the Complaint.

9. As of the date of this removal, no additional pleadings and papers have been filed, and no proceedings have occurred in the Court of Common Pleas for the Second Judicial Circuit in Aiken County since Progressive Direct was served with the Complaint. *See* Ex. A at 1 (docket). Progressive Direct has not filed a responsive pleading. *Id.* Progressive Direct hereby reserves all rights to assert any and all defenses, including failure to state a claim upon which relief may be granted. Progressive Direct further reserves the right to amend or supplement this Notice of Removal.

10. Progressive Direct is removing this case to the United States District Court for the District of South Carolina, Aiken Division, which is the "district and division embracing the place where [the] action is pending." *See* 28 U.S.C. § 1441(a).

11. Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served" on Progressive Direct and a copy of the state court docket sheet are attached as Exhibit A.

12. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the Court of Common Pleas for the Second Judicial Circuit in Aiken County.

**II.    REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d).**

13. The Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Sta. 4 (codified in scattered sections of Title 28 of the United States Code) ("CAFA").

14. As set forth below, this is a putative class action in which: (1) there are at least 100 members of the alleged class; (2) Progressive Direct is a citizen of a state different than at least one member of the proposed class; and (3) based on the allegations in the Complaint and the Declaration of Michael D. Silver, the putative class members' claims put in controversy in excess

of $5 million, exclusive of interests and costs. Accordingly, this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d), and the action may be removed to this Court pursuant to 28 U.S.C. § 1332(d)(2).

**A.    *The Putative Class Consists of More Than 100 Members.***

15.    The Class consists of "[a]ll persons insured by a contract of automobile insurance issued by Progressive Direct to a South Carolina resident, and who, from the earliest allowable time through the date of resolution of this action, received a first-party total loss valuation and payment that included a downward adjustment premised on a 'Projected Sold Adjustment' or similar adjustment." Compl. ¶ 27.

16.    Based on Plaintiff's allegations alone, this case meets the requirement under CAFA that the purported class consist of more than 100 members. *Id*. ¶ 29 ("The exact number of the Class . . . is estimated to be at least one hundred.").

17.    Moreover, Progressive Direct's investigation of reasonably available data also shows that from October 15, 2018 to November 11, 2021, it has settled in excess of 11,000 first-party total loss claims under South Carolina automobile insurance policies using the Mitchell valuation system. *See* Declaration of Michael D. Silver ("Silver Decl.") ¶ 3, attached as Ex. B.

18.    Accordingly, the aggregate number of alleged class members is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

**B.    *Minimal Diversity Exists.***

19.    Under CAFA, only minimal diversity is required to confer original federal jurisdiction. *See* 28 U.S.C. § 1332(d)(2)(A) ("The district court shall have original jurisdiction of any civil action . . . [which] is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."). This element is satisfied here.

20. Plaintiff alleges that Progressive Direct's corporate headquarters is located in Mayfield, Ohio. Compl. ¶ 10. Progressive Direct is also incorporated in Ohio. Silver Decl. ¶ 2 (confirming Progressive Direct's Ohio citizenship). As such, Progressive Direct is an Ohio citizen.

21. Plaintiff alleges that she is a citizen of the State of South Carolina, and Plaintiff seeks to represent a Class of South Carolina residents. Compl. ¶¶ 9, 27.

22. Thus, there is minimal diversity here, as Plaintiff is a citizen of South Carolina, and Progressive Direct is a citizen of Ohio. 28 U.S.C. § 1332(d)(2)(A).

C. **The Amount in Controversy Exceeds $5 Million.**

23. Under CAFA, federal district courts have original jurisdiction where, among other things, the "matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs." *See* 28 U.S.C. § 1332(d)(2).

24. To meet this requirement, "[a] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Scott v. Cricket Commc'ns, L.L.C.*, 865 F.3d 189, 194 (4th Cir. 2017) (quoting *Dart Cherokee Basin Operating Co., L.L.C. v. Owens*, 574 U.S. 81, 88 (2014) (internal marks omitted). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 574 U.S. at 89. "[I]f a federal court is uncertain about whether all matters in controversy in a purported class action do not in the aggregate exceed . . . $5,000,000, the court should err in favor of exercising jurisdiction over the case." *Chavis v. Fidelity Warranty Servs., Inc.*, 415 F. Supp. 2d 620, 625-26 (D.S.C. 2006).

25. Based on Plaintiff's allegations and prayer for relief, the $5,000,000 amount in controversy requirement is satisfied here.

6

26. Plaintiff alleges that Progressive Direct undervalued her total loss vehicle by at least $1,080 through its use of the PSA, before adding applicable taxes. Compl. ¶ 26.

27. Plaintiff alleges that "[w]hen calculating its valuations and claims payments," Progressive Direct's total loss settlement process "has no material differences relevant to this action." *Id.* ¶ 15. Plaintiff further alleges that her "claims are typical of the claims of the proposed Class." *Id.* ¶ 31.

28. Assuming, as Plaintiff alleges, that her claims are typical of the claims of the Class Members, the amount of actual damages in controversy due to the PSA would exceed $11.8 million ($1,080 PSA applied to Plaintiff's vehicle x 11,000 minimum number of putative Class Members). *Id.* ¶ 15, 26, 31, 36. This is sufficient to satisfy CAFA's amount in controversy requirement.

29. In sum, the factual allegations in the Complaint regarding the compensatory damages Plaintiff seeks on behalf of the purported Class demonstrate that CAFA's amount in controversy requirement is satisfied here.

### III.   CONCLUSION

30. For all the reasons stated above, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).

WHEREFORE, Progressive Direct respectfully requests that this action be removed from the Court of Common Pleas for the Second Judicial Circuit in Aiken County to the United States District Court for the District of South Carolina, Aiken Division, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1453(b).

This 19th day of November, 2021.

/s/ Beattie B. Ashmore
Beattie B. Ashmore

Fed. Bar No. 5215
Beattie B. Ashmore, P.A.
650 E. Washington Street
Greenville, SC 29601
P: (864) 467-1001
F: (864) 672-1406
beattie@beattieashmore.com

Jeffrey S. Cashdan*
jcashdan@kslaw.com
Zachary A. McEntyre*
zmcentyre@kslaw.com
J. Matthew Brigman*
mbrigman@kslaw.com
Allison Hill White*
awhite@kslaw.com
KING & SPALDING LLP
1180 Peachtree St. NE
Atlanta, Georgia 30309
P: (404) 572-4600
F: (404) 572-5140

Julia C. Barrett*
jbarrett@kslaw.com
KING & SPALDING LLP
500 W. 2nd Street
Suite 1800
Austin, Texas 78701
P: (512) 457-2000
F: (512) 457-2100

*Counsel for Defendant Progressive Direct Insurance Company*

*\*Pro hac vice* motions forthcoming

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2021, I served a copy of the foregoing NOTICE OF REMOVAL on counsel for all parties via U.S. Mail and Email at the following addresses.

Doug Smith
Shane W. Rogers
Johnson, Smith, Hibbard & Wildman Law Firm, L.L.P.
220 N. Church Street, Suite 4 (29306)
Post Office Drawer 5587
Spartanburg, South Carolina 29304
dsmith@jshwlaw.com
srogers@jshwlaw.com

Hank Bates
Tiffany Wyatt Oldham
Lee Lowther
Jake G. Windley
CARNEY BATES & PULLIAM, PLLC
519 W. 7th St.
Little Rock, AR 72201
hbates@cbplaw.com
toldham@cbplaw.com
llowther@cbplaw.com
jwindley@cbplaw.com

          */s/ Beattie B. Ashmore*
          Beattie B. Ashmore