# EXHIBIT A



# Aiken County
# Second Judicial Circuit
# Public Index



Aiken County Home Page   South Carolina Judicial Department Home Page   SC.GOV Home Page

**Switch View**

## Lynn Freeman VS Progressive Direct Insurance Company

| Case Number: | 2021CP0202189 | Court Agency: | Common Pleas | Filed Date: | 10/15/2021 |
|---|---|---|---|---|---|
| Case Type: | Common Pleas | Case Sub Type: | Breach of Cont 140 | File Type: | Mediator - Jury |
| Status: | Pending/ADR | Assigned Judge: | Clerk Of Court C P, G S, And Family Court | | |
| Disposition: | | Disposition Date: | | Disposition Judge: | |
| Original Source Doc: | | Original Case #: | | | |
| Judgment Number: | | Court Roster: | | | |

Case Parties    Judgments    Tax Map Information    Associated Cases    Actions    Financials

| Name | Description | Type | Motion Roster | Begin Date | Completion Date | Documents |
|---|---|---|---|---|---|---|
| Freeman, Lynn | ADR/Alternative Dispute Resolution (Workflow) | Action | | 05/13/2022-15:45 | | |
| Freeman, Lynn | NEF(11-04-2021 01:51:06 PM) Service/Certificate Of Servi... | Filing | | 11/04/2021-14:15 | |  |
| Freeman, Lynn | Service/Certificate Of Service Certified Mail on Progressive | Filing | | 11/04/2021-13:51 | |  |
| Freeman, Lynn | NEF(10-20-2021 01:32:23 PM) Filing/Other | Filing | | 10/20/2021-13:42 | |  |
| Freeman, Lynn | Amended Exhibits to Summons and Complaint | Filing | | 10/20/2021-13:32 | |  |
| Freeman, Lynn | Summons & Complaint | Filing | | 10/15/2021-15:45 | |  |

ELECTRONICALLY FILED - 2021 Oct 15 3:45 PM - AIKEN - COMMON PLEAS - CASE#2021CP0202189

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | SECOND JUDICIAL CIRCUIT |
| COUNTY OF AIKEN ) | |
| ) | C.A. No. _____ |
| LYNN FREEMAN, on behalf of ) | (JURY-TRIAL DEMANDED) |
| themselves and all others similarly ) | |
| situated, ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | **SUMMONS** |
| ) | |
| PROGRESSIVE DIRECT ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| DEFENDANT. ) | |
| _____ ) | |

TO:  THE DEFENDANT ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to the Complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

/s/Shane W. Rogers
Doug Smith (SC Bar No. 5222)
Shane W. Rogers (SC Bar No. 16701)
Johnson, Smith, Hibbard & Wildman Law Firm, L.L.P.
220 N. Church Street, Suite 4 (29306)
Post Office Drawer 5587
Spartanburg, South Carolina 29304
Telephone: (864) 582-8121
Facsimile: (864) 585-5328
Email: dsmith@jshwlaw.com
Email: srogers@jshwlaw.com

and

HANK BATES, *pro hac forthcoming*
TIFFANY WYATT OLDHAM, *pro hac forthcoming*

LEE LOWTHER, *pro hac forthcoming*
JAKE G. WINDLEY, *pro hac forthcoming*
**CARNEY BATES & PULLIAM, PLLC**
519 W. 7th St.
Little Rock, AR 72201
Tel: (501) 312-8500
Fax: (501) 312-8505

*Counsel for Plaintiff and the Proposed Class*

ELECTRONICALLY FILED - 2021 Oct 15 3:45 PM - AIKEN - COMMON PLEAS - CASE#2021CP0202189

ELECTRONICALLY FILED - 2021 Oct 15 3:45 PM - AIKEN - COMMON PLEAS - CASE#2021CP0202189

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF AIKEN | ) | C.A. No.: _____ |
| | ) | (JURY TRIAL DEMANDED) |
| LYNN FREEMAN, on behalf of | ) | |
| herself and all others similarly situated, | ) | |
| | ) | |
| PLAINTIFF, | ) | **CLASS ACTION COMPLAINT** |
| | ) | |
| vs. | ) | |
| | ) | |
| PROGRESSIVE DIRECT | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

Plaintiff Lynn Freeman ("Plaintiff"), brings this class action on behalf of herself and all others similarly situated, by and through undersigned counsel, and for her Complaint against Progressive Direct Insurance Company ("Defendant" or "Progressive") states and alleges as follows:

## INTRODUCTION

1.    This is a class action in which Plaintiff seeks to represent Progressive insureds in South Carolina who received a payment for the loss of a totaled vehicle where Progressive used valuation reports prepared by Mitchell International, Inc. ("Mitchell") to determine the actual cash value of the loss vehicles. Under the terms of its insurance policies, Progressive has a duty to pay, and represents that it does pay, the actual cash value of a loss vehicle when adjusting total loss claims.  By using Mitchell valuation reports, Progressive systemically thumbs the scale against its insureds when calculating the actual cash value of their loss vehicles by applying so-called "Projected Sold Adjustments."

2.    Instead of using the internet list price of comparable vehicles, Progressive improperly reduce that price, and in turn the valuation amount, by applying Projected Sold

ELECTRONICALLY FILED - 2021 Oct 15 3:45 PM - AIKEN - COMMON PLEAS - CASE#2021CP0202189

Adjustments without any documentation that the assumed discount was available. These adjustments are based on the factually erroneous assumption that, during the Class period, insureds would be able to negotiate a reduction in the list price of comparable used automobiles, which during the Class period would be highly atypical and contrary to the modern used car industry's market pricing and inventory management practices.

3.    The adjustments also are contrary to appraisal standards and methodologies that do not permit arbitrary adjustments not based on observed and verifiable data. The impropriety and arbitrariness of Progressive's Projected Sold Adjustments are further demonstrated by the fact that (a) they are not applied by the major competitor of Progressive's vendor Mitchell and (b) not applied by Progressives to insureds in other states, including California and Washington.

4.    This pattern and practice of undervaluing comparable and total loss vehicles when paying automobile total loss claims through the systemic use of these factually erroneous adjustments, which benefits the insurer at the expense of the insured, violates Progressive's policies with its insureds.

## JURISDICTION AND VENUE

5.    Plaintiff and all proposed class members are citizens of the State of South Carolina. Progressive is an insurance company authorized to do business in the State of South Carolina, and, at all relevant times hereto, was engaged in the marketing, sale, and issuance of automobile insurance policies in the State of South Carolina.

6.    The compensatory damages being sought by Plaintiff do not exceed $75,000, and no individual member of the Class would possess a compensatory damage claim in excess of $75,000. Additionally, the aggregate compensatory damages (in the

ELECTRONICALLY FILED - 2021 Oct 15 3:45 PM - AIKEN - COMMON PLEAS - CASE#2021CP0202189

amount of Projected Sold Adjustments wrongfully deducted), claimed by Plaintiff and the Class are believed to be below the $5,000,000 federal jurisdictional threshold under the Class Action Fairness Act ("CAFA").

7.      Accordingly, this Court has jurisdiction over the parties and the subject matter of this lawsuit.

8.      Venue is proper pursuant to SC Code § 15-7-70.

## PARTIES

9.      Plaintiff Lynn Freeman resides in Aiken County and is a citizen of the State of South Carolina. At all relevant times hereto, Plaintiff was contracted with Progressive for automobile insurance. On or about May 19, 2021, Plaintiff's insured vehicle was deemed a total loss.

10.     Defendant Progressive is an automobile insurance company that owns numerous offices throughout the United States, including the State of South Carolina. Defendant's corporate headquarters are located at 6300 Wilson Mills Road, Mayfield Village, Ohio 44143. Defendant conducts business in South Carolina through insurance agents and other company personnel.

## FACTUAL ALLEGATIONS

11.     Plaintiff owned a 2020 Chevrolet Equinox LS that was deemed a total loss on or around May 19, 2021.

12.     Like all members of the putative Class, Plaintiff made a first-party property damage claim with Progressive.

13.     Like all members of the putative Class, Progressive declared Plaintiff's vehicle to be a total loss.

3

ELECTRONICALLY FILED - 2021 Oct 15 3:45 PM - AIKEN - COMMON PLEAS - CASE#2021CP0202189

14.    Pursuant to the terms of its contracts, which have been substantively identical for all putative Class members during the Class period, Progressive elected to pay Ms. Freeman the actual cash value of the insured vehicle.

15.    When calculating its valuations and claims payments, Progressive systemically employs a routine "total loss settlement process." The process has no material differences relevant to this action.

16.    This process involves obtaining a "Vehicle Valuation Report" from Mitchell and then using and relying upon the valuation provided to determine the benefit payment under the insured's policy.

17.    Progressive provided a Vehicle Valuation Report to Ms. Freeman on are around May 19, 2021. *See* Exhibit 1.

18.    Progressive valued Plaintiff's total loss claim at $20,531.63[1] and paid Plaintiff that amount as the actual cash value of his totaled vehicle.

19.    To arrive at that valuation, the Vehicle Valuation Report provided the prices of three different comparable vehicles advertised for sale online and applied a Projected Sold Adjustment of approximately 5% to each one. *Id.* at 5–6.

20.    Progressive provides no data specific to the comparable vehicles or any explanation of industry practices in its Vehicle Valuation Reports to support *any* Projected Sold Adjustment, much less the specific downward adjustments used in Plaintiff's valuation reports. Instead, the *only* explanation is buried on the last page of each report, stating in full: "Projected Sold Adjustment – an adjustment to reflect consumer purchasing behavior (negotiating a different price than the listed price)." *See* Exhibit 1 at 7.

---

[1] This amount is before the applicable deductible and does not include tax, title, and transfer fees.

4

ELECTRONICALLY FILED - 2021 Oct 15 3:45 PM - AIKEN - COMMON PLEAS - CASE#2021CP0202189

21.    In truth, Progressive's Projected Sold Adjustments do not reflect market realities (the context in which "consumer behavior" occurs) and run contrary to customary automobile dealer practices and inventory management, where list prices are priced to market to reflect the intense competition in the context of internet pricing and comparison shopping. A negotiated price discount would be highly atypical and therefore is not proper to include in determining actual cash value. The inclusion of this significant downward adjustment purportedly to "reflect consumer purchasing behavior" is particularly improper in the context of this action—insureds who have suffered a total loss of their vehicle and need to procure a replacement have limited time to search out the illusory opportunity to obtain the below-market deal Progressive assumes always exists without any explanation or support.

22.    Moreover, Progressive's Projected Sold Adjustments are contrary to appraisal standards. There are multiple generally-recognized and acceptable methodologies for determining actual cash value, including use of comparable vehicles. Progressive begins the process of valuing loss vehicles using a comparative methodology but improperly deviates from that process by thumbing the scales against its insureds. Progressive documents the loss vehicle's and each comparable vehicle's mileage, options, and trim, which are compared in the report, and makes dollar adjustments accordingly. Plaintiff does not challenge these documented adjustments. At this stage of the process, Progressive abandons the comparative methodology and applies adjustments that are contrary to proper appraisal methodologies for determining actual cash value. Appraisers use advertised prices and only make adjustments based on observed and verifiable data;

ELECTRONICALLY FILED - 2021 Oct 15 3:45 PM - AIKEN - COMMON PLEAS - CASE#2021CP0202189

appraisal standards do not permit arbitrary adjustments from the advertised price based upon undocumented and unverifiable projections and assumptions.

23.    The impropriety and arbitrariness of Progressive's Projected Sold Adjustments are further demonstrated by the fact that Mitchell's primary competitor in providing valuation reports to insurance companies—CCC Intelligent Solutions—does not apply these adjustments. Instead, CCC Intelligent Solutions uses list prices.

24.    The impropriety and arbitrariness of Progressive's Projected Sold Adjustments are further demonstrated by the fact that it does not apply these adjustments when valuing total losses in California and Washington. There is no justification for applying these adjustments when valuing total losses in South Carolina while not subjecting California and Washington claimants to the same negative adjustments.

25.    Ms. Freeman and each member of the Class was damaged by Progressive's application of these Projected Sold Adjustments because they were not paid the actual cash value they would have received had Progressive applied proper methodologies and appraisal standards consistent with its contractual obligations and representations.

26.    Were it not for this improper, factually erroneous adjustment, the "Market Value" in each valuation report would have been higher, resulting in a higher payment to insureds for actual cash value. *Id.* at 1. Specifically, were it not for this unfounded, factually erroneous adjustment, Progressive's payment of actual cash value to Ms. Freeman would have been $1,080 higher,[2] before adding the related increase in payments for applicable sales taxes.

_____

[2] $1,080 is the average of the Projected Sold Adjustments applied to each of the three comparable vehicles in Plaintiff's valuation report.

ELECTRONICALLY FILED - 2021 Oct 15 3:45 PM - AIKEN - COMMON PLEAS - CASE#2021CP0202189

## CLASS ACTION ALLEGATIONS

27.     This action is brought by Plaintiff as a class action, on his own behalf and

on behalf of all others similarly situated, under the provisions of Rule 23 of the South

Carolina Rules of Civil Procedure, for declaratory judgment and monetary restitution, plus

interest, injunctive relief, costs, and attorney's fees. Plaintiff seeks certification of this

action as a class action on behalf of the following class (the "Class"):

> All persons insured by a contract of automobile insurance issued by
> Progressive to a South Carolina resident, and who, from the earliest
> allowable time through the date of resolution of this action, received a first-
> party total loss valuation and payment that included a downward adjustment
> premised on a "Projected Sold Adjustment" or similar adjustment.

28.     Excluded from the Class are Defendant, any parent, subsidiary, affiliate, or

controlled person of Defendant, as well as the officers and directors of Defendant and the

immediate family members of any such person. Also excluded is any judge who may

preside over this cause of action.

29.     The exact number of the Class, as herein identified and described, is not

known, but it is estimated to be at least one hundred. Accordingly, the Class is so numerous

that joinder of individual members herein is impracticable.

30.     There are common questions of law and fact in the action that relate to and

affect the rights of each member of the Class, and the relief sought is common to the entire

class. In particular, the common questions of law and fact include:

      a.     Whether Progressive systemically applied Projected Sold Adjustments or

          substantially similar adjustments to calculate the value of total loss vehicles;

      b.     Whether, through the above referenced practice, Progressive failed to pay

          its insureds the actual cash value of their loss vehicles;

7

ELECTRONICALLY FILED - 2021 Oct 15 3:45 PM - AIKEN - COMMON PLEAS - CASE#2021CP0202189

c.      Whether, through the above referenced practice, Progressive breached its contracts with its insureds;

d.      Whether Plaintiff and the Class are entitled to declaratory and injunctive relief; and

e.      Whether Plaintiff and the Class are entitled to compensatory damages in the amount of the invalid adjustment applied to Plaintiff's and each Class member's valuation.

31.     The claims of the Plaintiff, who is representative of the Class herein, are typical of the claims of the proposed Class, in that the claims of all members of the proposed Class, including the Plaintiff, depend on a showing of the same acts of Progressive giving rise to the right of Plaintiff to the relief sought herein. There is no conflict between the individually named Plaintiff and other members of the proposed Class with respect to this action, or with respect to the claims for relief set forth herein.

32.     The named Plaintiff is the representative party for the Class, and is able to, and will fairly and adequately, protect the interests of the Class. The attorneys for Plaintiff and the Class are experienced and capable in complex civil litigation, insurance litigation, and class actions.

33.     The amount in controversy for each Class member exceeds $100.00.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

34.     Plaintiff hereby repeats and realleges all preceding paragraphs contained herein.

35.     Progressive's insurance contract with its insureds provides coverage for the total loss of a vehicle on the basis of actual cash value or replacement with another of like

kind and quality. Moreover, in determining the actual cash value of a total loss vehicle, Progressive must consider the vehicle's fair market value at the time of loss.

36.     Through the use of improper and unfounded Projected Sold Adjustments in Mitchell Valuation Reports, Progressive handled, adjusted, and paid Plaintiff's claim, and the claims of the members of the putative Class, for less than the actual cash value required by Progressive's insurance contracts.

37.     Progressive's breaches have resulted in a systemic failure to pay the actual cash value of total loss vehicles as required under the contract.

38.     Progressive's breaches of contract and violations of law have caused damages to Plaintiff and the Class. Plaintiff's and proposed Class members' damages include the amounts improperly deducted by Progressive from the insureds' payments on the basis of a Projected Sold Adjustment. Specifically, Plaintiff's damages are $1,080, exclusive of the taxes and fees owed on that amount, plus pre-judgment and post-judgment interest.

## SECOND CAUSE OF ACTION
### DECLARATORY JUDGMENT

39.     Plaintiff hereby repeats and realleges all preceding paragraphs contained herein.

40.     A judiciable dispute between Plaintiff and the proposed Class and Progressive is before this Court under S.C. Code Ann. §15-53-10, *et seq.* concerning the construction of the auto insurance policies issued by Defendant and the rights arising under that policy.

41.     Plaintiff, for herself and on behalf of the Class, seeks a declaration of rights and liabilities of the parties herein. Specifically, Plaintiff is seeking a declaration that in

9

ELECTRONICALLY FILED - 2021 Oct 15 3:45 PM - AIKEN - COMMON PLEAS - CASE#2021CP0202189

ELECTRONICALLY FILED - 2021 Oct 15 3:45 PM - AIKEN - COMMON PLEAS - CASE#2021CP0202189

paying total loss claims with first-party insureds, it is a breach of the insurance contract with Progressive for Progressive to base the valuation and payment of claims on values of comparable vehicles that have been reduced by factually erroneous Projected Sold Adjustments.

42.    Progressive's unlawful common policy and general business practice of applying Projected Sold Adjustments is ongoing. Accordingly, Progressive has breached, and continues to breach, the express terms of its contracts of insurance with Plaintiff and members of the Class requiring it to settle total loss claims on the basis of the total loss vehicle's actual cash value.

43.    As a result of these breaches of contract, Plaintiff and the proposed Class members have been injured. Plaintiff's and proposed Class members' damages include the amounts illegally deducted by Progressive from the insureds' payments.

44.    Plaintiff seeks a declaration that Progressive's application of unfounded Projected Sold Adjustments results in a valuation of less than the actual cash value Progressive is required under its insurance contracts to pay insureds.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court:

a)    determine that this action may be maintained as a class action under Rule 23 of the South Carolina Rules of Civil Procedure, appoint Plaintiff as class representative, and appoint undersigned counsel as Class Counsel;

b)    enter an order finding that Progressive's actions described herein constitute a breach of contract;

ELECTRONICALLY FILED - 2021 Oct 15 3:45 PM - AIKEN - COMMON PLEAS - CASE#2021CP0202189

c)      enter a declaratory judgment that in paying total loss claims with first-party insureds, it is a breach of the insurance contract with Progressive for Progressive to base the valuation and payment of claims on values of comparable vehicles that have been reduced by Projected Sold Adjustments;

d)      enter further relief based on the declaratory judgment including an order enjoining Progressive from basing the valuation and payment of claims on values of comparable vehicles that have been reduced by Projected Sold Adjustments;

e)      enter an order requiring Progressive to pay compensatory damages to Plaintiff and all members of the putative Class in the amount of 100% of the proceeds that Progressive wrongfully deducted from its insureds' payments in the form of Projected Sold Adjustments and related underpayment of taxes;

f)      award pre-judgment and post-judgment interest at the maximum rate permitted by applicable law;

g)      award reasonable attorneys' fees and costs pursuant to applicable law; and

h)      grant such other legal and equitable relief as the Court may deem appropriate.

## **JURY DEMAND**

Plaintiff and the Class members hereby request a trial by jury.

Respectfully submitted,

/s/Shane W. Rogers
Doug Smith (SC Bar No. 5222)
Shane W. Rogers (SC Bar No. 16701)
Johnson, Smith, Hibbard & Wildman Law Firm, L.L.P.
220 N. Church Street, Suite 4 (29306)
Post Office Drawer 5587
Spartanburg, South Carolina 29304
Telephone: (864) 582-8121
Facsimile: (864) 585-5328
Email: dsmith@jshwlaw.com
Email: srogers@jshwlaw.com

and

HANK BATES, *pro hac forthcoming*
TIFFANY WYATT OLDHAM, *pro hac forthcoming*
LEE LOWTHER, *pro hac forthcoming*
JAKE G. WINDLEY, *pro hac forthcoming*
**CARNEY BATES & PULLIAM, PLLC**
519 W. 7th St.
Little Rock, AR 72201
Tel: (501) 312-8500
Fax: (501) 312-8505

*Counsel for Plaintiff and the Proposed Class*

ELECTRONICALLY FILED - 2021 Oct 15 3:45 PM - AIKEN - COMMON PLEAS - CASE#2021CP0202189

12

EXHIBIT

**1**

ALL-STATE® INTERNATIONAL

# Vehicle Valuation Report

Prepared For  Progressive Group of Insurance Companies   (800) 321-9843

mitchell

ELECTRONICALLY FILED - 2021 Oct 20 1:32 PM - AIKEN - COMMON PLEAS - CASE#2021CP0202189

## Claim Information

| Claim Number | Policy Number | Loss Type | Owner |
|---|---|---|---|
| 21-7033227-01 | | COLLISION | LYNN FREEMAN 500 DATE PALM CIRCLE AIKEN, SC 29803 +1-803-6711069 |

| Loss Date | Reported Date | Valuation Report Date | Valuation Report ID | Version Number |
|---|---|---|---|---|
| 05/11/2021 | 05/11/2021 | 05/19/2021 | 1012257687 | 1 |

## Vehicle Information

| Year | Make | Model | Location | Mileage |
|---|---|---|---|---|
| 2020 | Chevrolet | Equinox LS 4 Door Utility 107" WB 1.5L 4 Cyl Gas Turbocharged A FWD | SC 29803 | 23,122 miles |

| Ext Color | License | VIN | Title History |
|---|---|---|---|
| Summit White | | 3GNAXHEV2LS547830 | No |

## Valuation Summary

### Loss Vehicle Adjustments
Adjustments specific to your vehicle

| | |
|---|---|
| Base Value = | $20,531.63 |
| Condition | $0.00 |
| Prior Damage | $0.00 |
| Aftermarket Parts | $0.00 |
| Refurbishment | $0.00 |
| Market Value = | $20,531.63 |

### Settlement Adjustments
Adjustments specific to your policy

| | |
|---|---|
| Deductible - | $2,000.00 |
| Settlement Value = | $18,531.63 |

## Settlement Value:
# $18,531.63

J.D. POWER

(!) Mitchell WorkCenter
Total Loss
© 2018 Mitchell International, Inc. All Rights Reserved.

ELECTRONICALLY FILED - 2021 Oct 20 1:32 PM - AIKEN - COMMON PLEAS - CASE#2021CP0202189

# Loss Vehicle Detail

Loss vehicle: 2020 Chevrolet Equinox | LS 4 Door Utility 107" WB | 1.5L 4 Cyl Gas Turbocharged A FWD

## Standard Equipment

### Exterior

| | |
|---|---|
| Active aero shutters | Door handles, body-color |
| Glass, acoustic, laminated windshield | Glass, solar absorbing, light |
| Headlamp control, automatic on and off with automatic delay | Headlamp control, IntelliBeam auto high beam |
| Headlamps, halogen composite | Liftgate, rear manual |
| Mirror caps, Black | Mirrors, outside heated power-adjustable, manual-folding |
| Tire, compact spare, T135/70R16 blackwall | Tires, P225/65R17 all-season blackwall (FWD only.) |
| Trim, Black lower window | Wheel, spare, 16" (40.6 cm) steel |
| Wheels, 17" (43.2 cm) aluminum | |

### Interior

| | |
|---|---|
| 4G LTE Wi-Fi Hotspot capable (Terms and limitations apply. See onstar.com or dealer for details.) | Air conditioning, semi-automatic, single-zone |
| Antenna, roof-mounted (Black.) | Assist handle, driver |
| Assist handle, front passenger | Assist handles, rear outboard |
| Audio system feature, 6-speaker system | Audio system, Chevrolet Infotainment 3 system, 7" diagonal color touchscreen, AM/FM stereo. Additional features for compatible phones include: Bluetooth audio streaming for 2 active devices, voice command pass-through to phone, Apple CarPlay and Android Auto capable. |
| Bluetooth for phone personal cell phone connectivity to vehicle audio system (Go to my.chevrolet.com/learn to find out which phones are compatible with the vehicle.) | Chevrolet Connected Access capable (Subject to terms. See onstar.com or dealer for details.) |
| Cruise control, electronic with set and resume speed | Defogger, rear-window electric |
| Display, driver instrument information enhanced, monochromatic | Door locks, power with lock-out protection |
| Floor mats, carpeted front | Floor mats, carpeted rear |
| Head restraints, 2-way adjustable (up/down), front | Keyless Open includes extended range Remote Keyless Entry with lock and unlock feature |
| Keyless Start, push-button | Map pocket, driver seatback |
| Map pocket, front passenger seatback | Mirror, inside rearview manual day/night |
| Noise control system, active noise cancellation | Power outlet, cargo area auxiliary, 12-volt |
| Power outlet, front auxiliary, 12-volt | Remote panic alarm |
| Seat adjuster, driver 4-way manual, fore/aft, up/down | Seat adjuster, front passenger 4-way manual |
| Seat trim, premium cloth | Seat, rear split-folding with center armrest |
| Seats, front bucket | Shift lever, chrome-trimmed |
| SiriusXM Radio delete | Speedometer, miles/kilometers |
| Steering column, tilt and telescoping | Steering wheel controls, audio, phone interface and driver information center controls |
| Steering wheel, 3-spoke, deluxe | Theft-deterrent system, unauthorized entry |
| USB charging-only ports, 2, located in the rear of the floor console | USB ports, 2, with auxiliary input jack, located in front center stack storage area |
| Visors, driver and front passenger illuminated vanity mirrors, covered | Window, power with driver Express-Up and Down |

Mitchell WorkCenter
Total Loss

ELECTRONICALLY FILED - 2021 Oct 20 1:32 PM - AIKEN - COMMON PLEAS - CASE#2021CP0202189

| | |
|---|---|
| Window, power with front passenger Express-Down | Windows, power, rear with express-down |

## Mechanical

| | |
|---|---|
| Axle, 3.50 final drive ratio (FWD only.) | Brake lining, high-performance, noise and dust performance |
| Brake, electronic parking | Brakes, 4-wheel antilock, 4-wheel disc 16" front and rear |
| Driver Shift Controls | Engine control, stop-start system |
| Exhaust, single outlet | Front-wheel drive |
| Fuel, gasoline, E15 | GVWR, 4464 lbs. (2025 kg) (FWD only.) |
| Mechanical jack with tools | Suspension, front MacPherson strut |
| Suspension, rear 4-link | |

## Safety

| | |
|---|---|
| Airbags, dual-stage, frontal, driver and right front passenger with Passenger Sensing System, thorax side-impact, seat mounted, driver and right front passenger, roof-rail, side front and rear outboard seating positions (Always use seat belts and child restraints. Children are safer when properly secured in a rear seat in the appropriate child restraint. See the Owner's Manual for more information.) | Automatic Emergency Braking |
| Daytime Running Lamps, separate cavity, LED | Door locks, rear child security, manual |
| Following Distance Indicator | Forward collision alert |
| Front Pedestrian Braking | Horn, dual-note |
| Lane Keep Assist with Lane Departure Warning | OnStar and Chevrolet connected services capable (Terms and limitations apply. See onstar.com or dealer for details.) |
| Rear seat reminder | Rear vision camera |
| StabiliTrak, stability control system with Traction Control | Teen Driver a configurable feature that lets you activate customizable vehicle settings associated with a key fob, to help encourage safe driving behavior. It can limit certain available vehicle features, and it prevents certain safety systems from being turned off. An in-vehicle report card gives you information on driving habits and helps you to continue to coach your new driver |
| Tire Pressure Monitor, manual learn with Tire Fill Alert (Does not apply to spare tire.) | |

## Packages

**LICENSE PLATE FRONT MOUNTING PACKAGE**

**LS CONVENIENCE PACKAGE**
includes (AG1) 8-way power driver seat adjuster, (AL9) 2-way power driver lumbar control and (AKO) deep-tinted rear glass

## Optional Equipment

| | |
|---|---|
| GLASS, DEEP-TINTED, REAR | LPO, WHEEL LOCKS |
| SEAT ADJUSTER, DRIVER 8-WAY POWER WITH 2-WAY POWER LUMBAR | |

*DIO/PIO = Dealer/Port Installed Options

# Loss Vehicle Base Value

Loss vehicle: 2020 Chevrolet Equinox | LS 4 Door Utility 107" WB | 1.5L 4 Cyl Gas Turbocharged A FWD

Ⓜ **Mitchell WorkCenter**
**Total Loss**

ELECTRONICALLY FILED - 2021 Oct 20 1:32 PM - AIKEN - COMMON PLEAS - CASE#2021CP002189

## Comparable Vehicle Information

Search Radius used for this valuation: 75 miles from loss vehicle zip/postal code.

Typical Mileage for this vehicle: 11,000 miles

| # | Vehicle Description | Mileage | Location | Distance From Loss Vehicle | Price | Adjusted Value |
|---|---------------------|---------|----------|----------------------------|-------|----------------|
| 1 | 2020 CHEVROLET EQUINOX LS 4D SUV 4 1.5TURBO GAS A 2WD | 11,899 | 30907 | 23 miles | $23,887.00 List Price | $22,358.95 |
| 2 | 2020 CHEVROLET EQUINOX LS 4D SUV 4 1.5TURBO GAS A 2WD | 15,084 | 29824 | 31 miles | $20,865.00 List Price | $19,309.18 |
| 3 | 2020 CHEVROLET EQUINOX LS 4D SUV 4 1.5TURBO GAS A 2WD | 18,261 | 30401 | 73 miles | $21,490.00 List Price | $19,926.75 |

Base Value: **$20,531.63**

## Loss Vehicle Adjustments

Loss vehicle: 2020 Chevrolet Equinox | LS 4 Door Utility 107" WB | 1.5L 4 Cyl Gas Turbocharged A FWD

### Condition Adjustments

Condition Adjustment: $0.00          Overall Condition: 3.00-Good          Typical Vehicle Condition: 3.00

| Category | Condition | Comments |
|----------|-----------|----------|
| **Interior** | | |
| HEADLINER | 3 Good | accident related |
| GLASS | 3 Good | no damage |
| CARPET | 3 Good | some non permanent soiling/staining |
| DASH/CONSOLE | 3 Good | non permanent marks/soiling, small cut/gouge |
| DOORS/INTERIOR PANELS | 3 Good | non permanent marks/soiling. 1 to 2 small cuts/gouges |
| SEATS | 3 Good | some non permanent soiling/staining, single permanent soil |
| **Exterior** | | |
| TRIM | 3 Good | minimal surface scratches |
| BODY | 3 Good | isolated ding, rt roof rail |
| VINYL/CONVERTIBLE TOP | Typical | |
| PAINT | 3 Good | isolated small scratches |
| **Mechanical** | | |
| ENGINE | 3 Good | some oil/fluid building around covers and gaskets |
| TRANSMISSION | 3 Good | some oil/fluid building around covers and gaskets |
| Tire | 3 Good | lf 5/32, rf 5/32, rr 6/32, lr 6/32 |

Typical Vehicle Condition reflects a condition similar to the same year, make and model. Amount of wear and tear/ damage consistent with its age.

Comments:

ELECTRONICALLY FILED - 2021 Oct 20 1:32 PM - AIKEN - COMMON PLEAS - CASE#2621CP0202189

## Comparable Vehicles

Loss vehicle: 2020 Chevrolet Equinox | LS 4 Door Utility 107" WB | 1.5L 4 Cyl Gas Turbocharged A FWD

---

**1  2020 CHEVROLET EQUINOX LS 4D SUV 4 1.5 TURBO GAS A2WD**    **List Price: $23,887.00**

| VIN | Stock No | Listing Date | ZIP/Postal Code | Distance from Loss Vehicle |
|---|---|---|---|---|
| 3GNAXHEV9LS675417 | CUT002541 | 05/15/2021 | 30907 | 23 miles |

Source

DEALER WEB LISTING -
BUILDSHEET - AUTOTRADER.COM
MILTON RUBEN CHEVROLET
3516 WASHINGTON RD
AUGUSTA GA 30907
706-868-0588

| Adjustments | Loss Vehicle | This Vehicle | Amount |
|---|---|---|---|
| Projected Sold Adjustment | | | -$1,171.00 |
| Mileage | 23,122 | 11,899 | -$1,048.05 |
| Equipment | | | |
| LICENSE PLATE FRONT MOUNTING PACKAGE | Yes | No | $34.55 |
| LS CONVENIENCE PACKAGE | Yes | No | $591.66 |
| LPO, WHEEL LOCKS | Yes | No | $64.79 |
| | | Total Adjustments: | -$1,528.05 |
| | | **Adjusted Price:** | **$22,358.95** |

ELECTRONICALLY FILED - 2021 Oct 20 1:32 PM - AIKEN - COMMON PLEAS - CASE#2021CP0202189

## 2 — 2020 CHEVROLET EQUINOX LS 4D SUV 4 1.5 TURBO GAS A2WD — List Price: $20,865.00

| VIN | Stock No | Listing Date | ZIP/Postal Code | Distance from Loss Vehicle |
|---|---|---|---|---|
| 3GNAXHEV0LS527060 | 26791 | 03/04/2021 | 29824 | 31 miles |

Source
DEALER WEB LISTING -
BUILDSHEET - CARS.COM
PENDARVIS CHEVROLET
650 AUGUSTA RD
EDGEFIELD SC 29824
803-637-3137

| Adjustments | Loss Vehicle | This Vehicle | Amount |
|---|---|---|---|
| Projected Sold Adjustment | | | -$1,019.00 |
| Mileage | 23,122 | 15,084 | -$623.61 |
| Equipment | | | |
| LICENSE PLATE FRONT MOUNTING PACKAGE | Yes | No | $30.19 |
| LPO, WHEEL LOCKS | Yes | No | $58.60 |
| | | Total Adjustments: | -$1,555.82 |
| | | Adjusted Price: | $19,309.18 |

Comparable Vehicle Package Details:
LS CONVENIENCE PACKAGE  (SEAT ADJUSTER, DRIVER 8-WAY POWER WITH 2-WAY POWER LUMBAR, GLASS, DEEP-TINTED, REAR)

## 3 — 2020 CHEVROLET EQUINOX LS 4D SUV 4 1.5 TURBO GAS A2WD — List Price: $21,490.00

| VIN | Stock No | Listing Date | ZIP/Postal Code | Distance from Loss Vehicle |
|---|---|---|---|---|
| 3GNAXHEV2LS683763 | 233028B | 03/04/2021 | 30401 | 73 miles |

Source
DEALER WEB LISTING -
BUILDSHEET - CARS.COM
DANIELS CHEVROLET BUICK GMC
TRUCKS
385 E MAIN ST
SWAINSBORO GA 30401
478-237-4111

| Adjustments | Loss Vehicle | This Vehicle | Amount |
|---|---|---|---|
| Projected Sold Adjustment | | | -$1,050.00 |
| Mileage | 23,122 | 18,261 | -$342.26 |
| Equipment | | | |
| LPO, FLOOR LINER PACKAGE | No | Yes | -$229.28 |
| LPO, WHEEL LOCKS | Yes | No | $58.29 |
| | | Total Adjustments: | -$1,563.25 |
| | | Adjusted Price: | $19,926.75 |

Comparable Vehicle Package Details:
LICENSE PLATE FRONT MOUNTING PACKAGE

LS CONVENIENCE PACKAGE  (SEAT ADJUSTER, DRIVER 8-WAY POWER WITH 2-WAY POWER LUMBAR, GLASS, DEEP-TINTED, REAR)

LPO, FLOOR LINER PACKAGE

Mitchell WorkCenter
Total Loss

ELECTRONICALLY FILED - 2021 Oct 20 1:32 PM - AIKEN - COMMON PLEAS - CASE#2021CP0202189

## Sub-Model Comparison

| Sub-Model Description | Configuration | Original MSRP |
|---|---|---|
| 2020 Chevrolet Equinox LS | 4 Door Utility 107" WB 1.5L 4 Cyl Gas Turbocharged  FWD | $26,300.00 |

## Vehicle Valuation Methodology Explanation

WorkCenter Total Loss was designed and built in conjunction with J.D. Powers, experts in data analysis and vehicle pricing and a highly trusted name among consumers. With years of experience in vehicle pricing, J.D Power is a credible, third-party expert whose name provides consumer recognition and confidence. WCTL provides a consistent methodology across all vehicles and it includes valid comparable vehicles that most closely resemble the totaled vehicle and are similar to the vehicles a consumer would find in their own research.

WorkCenter Total Loss produces accurate and easy-to-understand vehicle valuations via this five step process:

### Step 1 - Locate Comparable Vehicles

Locate vehicles that are the closest match to the loss vehicle in the same market area. WorkCenter Total Loss utilizes consumer-based vehicle sources along with inventory directly from Dealerships. When available WCTL also provides sold vehicle records from sources such as J.D. Powers.

### Step 2 - Adjust Comparable Vehicles

Make adjustments to the prices of the comparable vehicles. The comparable vehicles are identical to the loss vehicle except where adjustments are itemized. There are several types of comparable vehicle adjustments

- Projected Sold Adjustment - an adjustment to reflect consumer purchasing behavior (negotiating a different price than the listed price).

- Mileage Adjustment - an adjustment for differences in mileage between the comparable vehicle and the loss vehicle.

- Equipment- adjustments for differences in equipment between the comparable vehicle and the loss vehicle (e.g. equipment packages and options) and the loss vehicle.

### Step 3 - Calculate Base Vehicle Value

The base vehicle value is calculated by averaging the adjusted prices of the comparable vehicles.

### Step 4 - Calculate Loss Vehicle Adjustments

There are four types of loss vehicle adjustments:

- Condition Adjustment:

  Adjustments to account for the condition of the loss vehicle prior to the loss.

- Prior Damage Adjustment:

  Adjustments to account for any prior damage present on the loss vehicle prior to the loss.

- After Market Part Adjustment:

  Adjustments to account for any after market parts present on the loss vehicle prior to the loss.

- Refurbishment Adjustment:

  Adjustments to account for any refurbishment performed on the loss vehicle prior to the loss.

### Step 5 - Calculate the Market Value

The Market Value is calculated by applying the loss vehicle adjustments to the base value.

Mitchell WorkCenter
Total Loss

Claim # 21-7033227-01 | © 2018 Mitchell International, Inc. All Rights Reserved. | Page 7

# Certificate of Electronic Notification

| Recipients |
|---|
| **Shane Rogers**  - Notification transmitted on 10-20-2021 01:33:30 PM. |

ELECTRONICALLY FILED - 2021 Oct 20 1:42 PM - AIKEN - COMMON PLEAS - CASE#2021CP0202189

****** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** 2021CP0202189

**Official File Stamp:**                10-20-2021 01:32:23 PM

**Court:**                             CIRCUIT COURT

Common Pleas

Aiken

**Case Caption:**               Lynn Freeman VS Progressive Direct Insurance Company

**Document(s) Submitted:**       Filing/Other

**Filed by or on behalf of:**        Shane William Rogers

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

Shane William Rogers for Lynn Freeman

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Progressive Direct Insurance Company

ELECTRONICALLY FILED - 2021 Oct 20 1:42 PM - AIKEN - COMMON PLEAS - CASE#2021CP0202189

ELECTRONICALLY FILED - 2021 Nov 04 1:51 PM - AIKEN - COMMON PLEAS - CASE#2021CP0202189

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | SECOND JUDICIAL CIRCUIT |
| COUNTY OF AIKEN | ) | |
| | ) | C.A. No. 2021CP0202189 |
| LYNN FREEMAN, on behalf of | ) | |
| themselves and all others similarly | ) | |
| situated, | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| PROGRESSIVE DIRECT | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

The undersigned does hereby certify that he served the within Summons and Petition upon Defendant Progressive Direct Insurance Company by depositing a copy of the same into the United States Mail, Certified Mail, Return Receipt Requested, Restricted Delivery, to the South Carolina Department of Insurance, pursuant to South Carolina Code § 38-5-70, with postage prepaid, in the correct amount and addressed as follows:

> Steven R. Du Bois, Administrative Coordinator
> South Carolina Department of Insurance
> P.O. Box 100105
> Columbia, SC 29202

which was delivered on October 20, 2021, as evidenced by the Certified Mail Receipt and tracking confirmation shown in EXHIBIT A attached hereto, and further reflected by service accepted by letter from the South Carolina Department of Insurance dated October 20, 2021, attached hereto as EXHIBIT B.

> /s/Shane W. Rogers
> Doug Smith (SC Bar No. 5222)
> Shane W. Rogers (SC Bar No. 16701)
> Johnson, Smith, Hibbard & Wildman Law Firm, L.L.P.
> 220 N. Church Street, Suite 4 (29306)

ELECTRONICALLY FILED - 2021 Nov 04 1:51 PM - AIKEN - COMMON PLEAS - CASE#2021CP0202189

Post Office Drawer 5587
Spartanburg, South Carolina 29304
Telephone: (864) 582-8121
Facsimile: (864) 585-5328
Email: dsmith@jshwlaw.com
Email: srogers@jshwlaw.com

and

HANK BATES, *pro hac forthcoming*
TIFFANY WYATT OLDHAM, *pro hac forthcoming*
LEE LOWTHER, *pro hac forthcoming*
JAKE G. WINDLEY, *pro hac forthcoming*
**CARNEY BATES & PULLIAM, PLLC**
519 W. 7th St.
Little Rock, AR 72201
Tel: (501) 312-8500
Fax: (501) 312-8505

*Counsel for Plaintiffs and the Proposed Class*

November 4, 2021
Spartanburg, South Carolina

# EXHIBIT A

ELECTRONICALLY FILED - 2021 Nov 04 1:51 PM - AIKEN - COMMON PLEAS - CASE#2021CP0202189



**U.S. Postal Service**
**Certified Mail Receipt**

OUTBOUND TRACKING NUMBER
9415 4118 9956 1397 7471 03

RETURN RECEIPT TRACKING NUMBER
9490 9118 9956 1397 7471 92

ARTICLE ADDRESS TO:

Steven R. Du Bois
S. C. Dept. of Insurance
Administrative Coordinator
PO Box 100105
Columbia SC 29202-3105

221642.002de

FEES

| | |
|---|---|
| Postage per piece | $2.760 |
| Certified Fee | $3.750 |
| Return Receipt Fee | $3.050 |
| Restricted Delivery Fee | $6.000 |
| Total Postage & Fees: | $15.560 |

Postmark
Here

OCT 18 2021

# USPS Tracking®

**FAQs** ›

ELECTRONICALLY FILED - 2021 Nov 04 1:51 PM - AIKEN - COMMON PLEAS - CASE#2021CP002189

## Track Another Package ＋

**Tracking Number:** 9415411899561397747103

Remove ✕

Your item was delivered at 7:32 am on October 20, 2021 in COLUMBIA, SC 29201.

**USPS Tracking Plus™ Available** ⌄

 **Delivered**

October 20, 2021 at 7:32 am
COLUMBIA, SC 29201

**Get Updates** ⌄

Feedback

---

**Text & Email Updates** ⌄

---

**Tracking History** ⌃

October 20, 2021, 7:32 am
Delivered
COLUMBIA, SC 29201
Your item was delivered at 7:32 am on October 20, 2021 in COLUMBIA, SC 29201.

October 20, 2021, 2:24 am
Arrived at Post Office
WEST COLUMBIA, SC 29172

October 19, 2021, 11:35 am
Arrived at USPS Regional Facility

COLUMBIA SC PROCESSING CENTER

**October 18, 2021, 9:46 pm**
Arrived at USPS Regional Facility
GREENVILLE SC DISTRIBUTION CENTER

**October 18, 2021, 8:31 pm**
Accepted at USPS Origin Facility
SPARTANBURG, SC 29306

**October 18, 2021, 6:11 pm**
Shipping Label Created, USPS Awaiting Item
SPARTANBURG, SC 29306

---

**USPS Tracking Plus™**    ⌄

---

**Product Information**    ⌃

| **Postal Product:** | **Features:** | **See tracking for related item:** |
|---|---|---|
| First-Class Mail® | Certified Mail Restricted Delivery Return Receipt | **4202930694909118995613977747192 (/go/TrackConfirmAction? tLabels=4202930694909118995613977747192)** |

---

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

ELECTRONICALLY FILED - 2021 Nov 04 1:51 PM - AIKEN - COMMON PLEAS - CASE#2021CP0202189

Feedback



# EXHIBIT B

## South Carolina
## Department of Insurance

**HENRY McMASTER**
Governor

**RAYMOND G. FARMER**
Director

October 20, 2021

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
PROGRESSIVE DIRECT INSURANCE COMPANY
c/o CT Corporation System
2 Office Park Court, Suite 103
Columbia, SC 29223

Dear Sir:

On October 20, 2021, I accepted service of the attached Summons and Complaint on your behalf. I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-5-70. By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 15-9-270. I am not a party to this case. The State of South Carolina Department of Insurance is not a party to this case. It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

You must promptly acknowledge in writing your receipt of this accepted process to spurvis@doi.sc.gov. When replying, please refer to File Number 186234, Lynn Freeman , et al. v. PROGRESSIVE DIRECT INSURANCE COMPANY, 2021-CP-02-02189.

By:

*Gwendolyn Fuller McGriff*

Gwendolyn McGriff
General Counsel
(803)737-6732

Sincerely Yours,

Raymond G. Farmer
Director
State of South Carolina
Department of Insurance

Attachment

CC:    Shane W. Rogers
       Post Office Drawer 5587
       Spartanburg, SC  29304

ELECTRONICALLY FILED - 2021 Nov 04 1:51 PM - AIKEN - COMMON PLEAS - CASE#2021CP0202189

# Certificate of Electronic Notification

| Recipients |
|---|
| **Shane Rogers**  - Notification transmitted on 11-04-2021 01:51:27 PM. |

ELECTRONICALLY FILED - 2021 Nov 04 2:15 PM - AIKEN - COMMON PLEAS - CASE#2021CP0202189

****** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** 2021CP0202189

| | |
|---|---|
| **Official File Stamp:** | 11-04-2021 01:51:06 PM |
| **Court:** | CIRCUIT COURT |
| | Common Pleas |
| | Aiken |
| **Case Caption:** | Lynn Freeman VS Progressive Direct Insurance Company |
| **Document(s) Submitted:** | Service/Certificate Of Service Certified Mail |
| | - Exhibit/Filing of Exhibits |
| **Filed by or on behalf of:** | Shane William Rogers |

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

Shane William Rogers for Lynn Freeman

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Progressive Direct Insurance Company

ELECTRONICALLY FILED - 2021 Nov 04 2:15 PM - AIKEN - COMMON PLEAS - CASE#2021CP0202189